UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG )<br>1657 The Fairway #131 Jenkintown, PA 19046 )<br>)<br>)<br>    Plaintiff, )<br>        vs. )<br>)<br>SUSSMAN, INC. )<br>DBA SUSSMAN HYUNDAI )<br>1645 Easton Rd. )<br>Willow Grove, PA 19090, )<br>)<br>ERIC SUSSMAN, Individually and as )<br>CEO / President / Principal of SUSSMAN INC, )<br>)<br>DAN SMITH, Individually and as )<br>General Manager of SUSSMAN HYUNDAI )<br>)<br>HYUNDAI MOTOR AMERICA )<br>818 WEST SEVENTH ST STE 930 )<br>LOS ANGELES CA 90017, )<br>)<br>and )<br>DOES 1 through 100, inclusive, )<br>)<br>    Defendants. )<br>) | Civil Action<br>   No._____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Jury Trial Demanded |

Plaintiff ANDREW R. PERRONG brings this action for damages, restitution, reinstatement, statutory damages, punitive damages, sanctions, interest, court costs, and injunctive relief under rights pursuant to Federal Statute under 47 U.S.C. 227, and 47 C.F.R. 64 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of SUSSMAN, INC. DBA SUSSMAN HYUNDAI ("COMPANY"), ERIC SUSSMAN, Individually and as Chief Executive Officer of SUSSMAN INC. ("SUSSMAN"), DAN SMITH, Individually and as General Manager of SUSSMAN HYUNDAI ("SMITH"),

1

HYUNDAI MOTOR AMERICA ("HYUNDAI"), and Does 1 through 100, inclusive, in negligently and/or willfully contacting Plaintiff via Plaintiff's telephone to solicit sales ("Sales Calls"), by utilization of an automatic telephone dialing system ("RoboCalls") without an opt-out mechanism, and other claims, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq,* and related claims that form part of the same claim or controversy and/or under 28 U.S.C. § 1367(a) ("Supplemental" Jurisdiction). Plaintiff demands a trial by jury, and complains and alleges as follows:

## I.   Introduction

1. Defendant SUSSMAN, INC. DBA SUSSMAN HYUNDAI ("Company") is a corporation incorporated in the State of Pennsylvania that markets and sells, *inter alia,* Hyundai motor vehicles to individuals throughout the greater Montgomery County area. Its principal mailing address is located at 1645 Easton Road, Willow Grove, PA 19090.

2. Plaintiff brings this action to challenge the Company's practices in the telephone solicitation of its products and services. Specifically, Plaintiff challenges Company's and Company's agents' illegal telephone solicitations by which it markets its products and services, illegal RoboCalls, illegal lack of opt-out mechanism, and failure to maintain a Do-Not-Call policy or list in connection therewith.

3. All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern.

## II.   Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that

Defendants conduct business in, and a substantial part of the events giving rise to plaintiff's claims occurred in, Pennsylvania's Montgomery County, which lies within this judicial district, pursuant to 28 U.S.C. §118. Plaintiff received the phone calls to a 215-area code number, registered in this judicial district. Each of the Defendants has sufficient minimum contacts with this District, and otherwise purposely avail themselves of the markets in this District. Also, see *Lary V. The Doctors Answer, LLC* CV-12-S-3510-NE (N.D. Ala. March 8, 2013.), a Federal Telephone Consumer Protection Act case, which held that "venue is proper in the district where [plaintiff] resides because the injury did not occur when the facsimile was sent… ; it occurred when the [facsimile] was received."

### III.    Parties

6. Plaintiff ANDREW PERRONG ("Plaintiff") is an individual who received the alleged phone calls on his private domicile telephone line mentioned herein. Plaintiff is an adult individual and citizen of the Commonwealth of Pennsylvania who may be mailed at 1657 The Fairway #131 Jenkintown, PA 19046.

7. Defendant SUSSMAN, INC. DBA SUSSMAN HYUNDAI ("Company") is a corporation incorporated in the State of Pennsylvania that markets and sells, *inter alia,* Hyundai motor vehicles to individuals throughout the greater Montgomery County area. Its principal mailing address is located at 1645 Easton Road, Willow Grove, PA 19090. Company has been in existence for a number of years and transacts business in, *inter alia*, Montgomery County, Pennsylvania, which lies within this Judicial District.

8. Defendant ERIC SUSSMAN ("SUSSMAN") is an adult individual who is the President / CEO / Principal of Company, and upon information and belief is the Company's Primary Owner. SUSSMAN is an adult individual and citizen of the United States. As Chief

Executive Officer of Company, SUSSMAN is the primary individual who reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

9. Defendant DAN SMITH ("SMITH") is an adult individual who is the General Manager of Sussman Hyundai. As General Manager, it is SMITH'S voice that was on the calls in question, and it is SMITH who ignored Plaintiff's requests to be placed on Company's Do-Not-Call list and be provided a copy of Company's Do-Not-Call policy, and assisted in committing TCPA violations that are technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, and nationwide.

10. Defendant HYUNDAI MOTOR AMERICA ("HYUNDAI") is a corporation incorporated in the State of California that markets and sells, *inter alia,* Hyundai motor vehicles throughout the United States. HYUNDAI reaps the benefit of the tortious and illegal conduct described herein that is technically carried out only in Company's name. Such tortious, or *ultra vires*, conduct exceeds the permissible actions of corporations both in Pennsylvania, California, and nationwide. Defendant HYUNDAI MOTOR AMERICA is vicariously liable for actions of Company under the Apparent Authority and Ratification theories of vicarious liability.

11. Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 100, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

12. At all times herein mentioned, Company, SUSSMAN, SMITH, HYUNDAI, and the

Doe Defendants, (collectively, "Defendants"), and each of them, were an agent or joint venture of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency. Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

13. Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

14. At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

### IV.     Factual Allegations

15. In or about June 2nd, 2017, Plaintiff received the first of multiple "robocall" solicitations by Defendants and/or their agents at Plaintiff's personal domicile telephone, 215-947-1920. Plaintiff had not consented to this solicitation.

16. The unsolicited telephone call was placed to Plaintiff's personal domicile telephone number and utilized an "artificial or prerecorded voice" or "robocall," to transmit a message, as prohibited by 47 U.S.C. § 227(b)(1)(B).

17. Plaintiff pays for each incoming and outgoing call on his telephone under an

5

unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii), in addition to being a residential number.

18. Plaintiff's telephone number was on the Federal Do-Not-Call registry for over 11 years prior to this illegal unsolicited phone call.

19. The "Robocall" played a prerecorded message from "Dan Smith," the general manager of Sussman Hyundai, in reference to Plaintiff's vehicle lease expiring, which was inaccurate information, as the vehicle was a total loss as of January of 2017. The message was a telemarketing message, or at the very least, a dual-purpose message, that served the illicit benefit of Company, SUSSMAN, and HYUNDAI in order to make money through lease termination and the purchase of a new vehicle, and made for commercial purposes.

20. During the call on June 2, Plaintiff said that he no longer had the vehicle, but the call, nor any subsequent call, contained an "opt-out mechanism" as required by 47 CFR 64.1200 (b)(3).

21. After the June 2 call, Plaintiff received another call on June 10, with the same message, and which also did not contain an "opt-out" mechanism.

22. Simultaneously with the June 10 call, Plaintiff received an e-mail from Dan Smith with essentially the same message as the call, to which Plaintiff replied "Vehicle was a total loss. Please update your records." In so doing, Plaintiff revoked consent to be contacted.

23. Per a 2015 FCC order, consent to receive "robocalls", such as those received by Plaintiff, may be revoked by "any reasonable means." The FCC, in the order, said, "Consumers have a right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example,… directly in response to a call initiated or made by a caller… among other possibilities. We find that in these situations, callers typically will not

find it overly burdensome to implement mechanisms to record and effectuate a consumer's request to revoke his or her consent." Despite this simple request, Plaintiff received even more calls.

24. As stated above, despite Plaintiff's email to Dan Smith, which was delivered and viewed, Plaintiff received yet another call on July 3, 2017, with a simultaneous email.

25. Plaintiff, although not required, sent a reply in more explicit language, saying "This vehicle was a total loss. Please stop emailing and calling," which was viewed and ignored.

26. Despite this *second* email, Plaintiff received yet *another* call, over a month later, on August 1, 2017. Plaintiff emailed a legal demand for Company's do-not-call list and do-not-call policy, which was opened, but ignored.

27. The calls bore the caller ID numbers, 215-887-1800, and 215-392-9020, clearly identified that they were placed by Sussman, were clearly for commercial purposes, clearly were pre-recorded, did not include an opt-out mechanism, and were telemarketing in nature.

28. HYUNDAI is vicariously liable for the calls under the apparent authority standard of vicarious liability as HYUNDAI grants Company (1) access to information and systems and (2) the ability of Company to enter consumer information into shared databases. HYUNDAI is also vicariously liable under the ratification standard of vicarious liability, as HYUNDAI ratified and acquiesced to the activity of Company in making the calls and gave permission to use the Hyundai brand name in the calls.

29. Company refused numerous written requests to provide a copy of Company's Do-Not-Call policy and to be placed on Company's Do-Not-Call list.

30. Plaintiff received the call on his private domicile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

find it overly burdensome to implement mechanisms to record and effectuate a consumer's request to revoke his or her consent." Despite this simple request, Plaintiff received even more calls.

24. As stated above, despite Plaintiff's email to Dan Smith, which was delivered and viewed, Plaintiff received yet another call on July 3, 2017, with a simultaneous email.

25. Plaintiff, although not required, sent a reply in more explicit language, saying "This vehicle was a total loss. Please stop emailing and calling," which was viewed and ignored.

26. Despite this *second* email, Plaintiff received yet *another* call, over a month later, on August 1, 2017. Plaintiff emailed a legal demand for Company's do-not-call list and do-not-call policy, which was opened, but ignored.

27. The calls bore the caller ID numbers, 215-887-1800, and 215-392-9020, clearly identified that they were placed by Sussman, were clearly for commercial purposes, clearly were pre-recorded, did not include an opt-out mechanism, and were telemarketing in nature.

28. HYUNDAI is vicariously liable for the calls under the apparent authority standard of vicarious liability as HYUNDAI grants Company (1) access to information and systems and (2) the ability of Company to enter consumer information into shared databases. HYUNDAI is also vicariously liable under the ratification standard of vicarious liability, as HYUNDAI ratified and acquiesced to the activity of Company in making the calls and gave permission to use the Hyundai brand name in the calls.

29. Company refused numerous written requests to provide a copy of Company's Do-Not-Call policy and to be placed on Company's Do-Not-Call list.

30. Plaintiff received the call on his private domicile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

31. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

32. Plaintiff did not provide any one, more, or all Defendants, nor any agent of Defendants, prior express written consent, or any other form of consent, express or implied, to cause Plaintiff to receive telephone calls on his personal telephone that utilized an "artificial or prerecorded voice" to transmit a message or make calls.

33. The telephone Sales Calls therefore violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(c)(3)(F), 47 CFR 64.1200(b)(3), 47 CFR 64.1200(d)(1), 47 CFR 64.1200(d)(3), 47 CFR § 64.1200(a)(1)(iii), 47 CFR § 64.1200(a)(3), and 47 C.F.R. 64.1200(c)(2).

## V.     Causes Of Action

### First Cause of Action

(Negligent Violation of the TCPA "RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

34. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

35.  As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

36. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Second Cause of Action

(Knowing and/or Willful Violation of the TCPA
"RoboCall" Prohibition, 47 U.S.C. § 227 et seq.)

37. Plaintiff incorporates and realleges, as though fully set forth herein, each of the

paragraphs above.

38. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

39.  Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action

(Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

40. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

41. As a result of Defendants' and Defendants' agents negligent violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

42.  Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)

43. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

44. As a result of Defendants' and Defendants' agents knowing and/or willful violations

of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

45. Pursuant to 47 U.S.C. § 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fifth Cause of Action

(Negligent Violation of the TCPA "Opt-Out Mechanism"
Requirement, 47 CFR 64.1200 (b)(3))

46. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

47. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200 (b)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Sixth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Opt-Out Mechanism" Requirement, 47 CFR 64.1200 (b)(3))

48. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

49. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200 (b)(3), Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Seventh Cause of Action
(Negligent Violation of the TCPA "Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

50. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

51. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(1), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Eighth Cause of Action

(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call Policy" Requirement, 47 CFR 64.1200 et seq.)

52. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

53. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(1) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Ninth Cause of Action

(Negligent Violation of the TCPA "Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

54. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

55. As a result of Defendants' and Defendants' agents negligent violations of 47 CFR 64.1200(d)(3), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to the implied private right of action.

### Tenth Cause of Action
(Knowing and/or Willful Violation of the TCPA
"Do-Not-Call List" Requirement, 47 CFR 64.1200 et seq.)

56. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

57. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 CFR 64.1200(d)(3) Plaintiff seeks for himself treble damages, as implied, up to $1,500.00 for each and every violation, pursuant to the implied private right of action.

### Eleventh Cause of Action
(Negligence)

58. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

59. Defendants and Defendants' agents violated their duty of care to intended recipients of their telephone sales solicitations by, *inter alia*, breaching the statutory prohibitions against lack of opt-out mechanism, robocalling, and maintence of a do-not-call list and policy. Plaintiff suffered damages due to Company's violation of its duty that caused Plaintiff to answer a telephone call that he otherwise would not have answered, which tied up Plaintiff's telephone line, and wastefully utilized Plaintiff's telephone.

### Twelfth Cause of Action
(Trespass to Chattel)

60. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

61. Defendants and Defendants' agents conduct of telemarketing, robocalling, and lack of opt-out mechanism constituted an electronic trespass to Plaintiff's private domicile telephone. This trespass was significant and substantial in duration in that Defendants' trespass illegally

deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes. Plaintiff has been damaged in an amount to be determined according to proof at trial.

62.  At no time did Plaintiff consent to this trespass.

63.  Defendants' trespass was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring and annoying Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

### **Thirteenth Cause of Action**
(Conversion)

64. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

65. Defendants and Defendants' agents conduct of telemarketing, robocalling, and lack of opt-out mechanism constituted a conversion of Plaintiff's private domicile telephone. This conversion was significant and substantial in duration in that Defendants' conversion illegally deprived Plaintiff of the use and enjoyment of his telephone for lawful purposes.

66.  Plaintiff is therefore entitled to the entire value of his telephone and service, in an amount to be determined according to proof at trial.

67.  At no time did Plaintiff consent to this conversion.

68. Defendants' conversion was done with oppression and malice, in that Defendants sent their illegal message intentionally, in actual awareness of its illegal nature, with the purpose of making an illicit profit and with the purposes of vexing, injuring, and annoying Plaintiff or with a

willful and conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### VI.     Prayer for Relief

On Causes of Action 1-10:

1. For awards of $500 for each negligent violation as set forth in actions 1-10;

2. For awards of $1,500 for each knowing/willful violation as set forth in actions 1-10.

3. Injunctive relief against Defendants, and each of them, to prevent future wrongdoing;

Total statutory damages: **$30,000** (Four counts each of: sales call to a number on the DNC registry, "robocall", lack of opt-out mechanism, failure to put Plaintiff's number on Defendants' Do-Not-Call list, and failure to provide Plaintiff a copy of Defendants' Do-Not-Call policy, with treble damages for each.)

For Causes of Action 11-13:

4. Compensatory, general, incidental, and consequential damages according to proof;

5. Punitive and special damages according to proof;

For All Causes of Action:

6. Punitive damages to punish Defendants for their willful, illegal, and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

7. Prejudgment interest at the maximum legal rate;

8. Costs of suit herein incurred; and

9. All such other and further relief as the Court deems proper.

## VII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: August 7, 2017

_____/s/_____
Andrew Perrong
*Plaintiff Pro-Se*
1657 The Fairway #131
Jenkintown, PA 19046
Phone: 215-791-6957
Facsimile: 888-329-0305
andyperrong@gmail.com